# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KENNETH R. BAUERLY, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C 13-4048-MWB <br><br> **ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on March 11, 2014 (docket no. 12). In the R&R, Judge Strand recommends that I affirm a decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Kenneth Bauerly (Bauerly) disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* Bauerly timely filed objections to the R&R (docket no. 13). For the reasons discussed below, I adopt the recommendations in the R&R and affirm the Commissioner's decision.

I review *de novo* the portions of the R&R to which Bauerly objects. 28 U.S.C. § 636(b)(1). Bauerly raises three objections to the R&R, arguing:

1. The ALJ failed to properly evaluate Dr. Hisabeck's and Dr. Pisitkul's opinions;
2. The ALJ wrongly discounted Bauerly's subjective allegations; and
3. The ALJ's decision is not supported by substantial vocational testimony.

Based on these objections, Bauerly argues that I should reverse the Commissioner's decision and remand the case for a calculation of benefits or, alternatively, for further proceedings.

None of Bauerly's objections warrant reversing or remanding the Commissioner's decision. Bauerly's first objection is really a disjointed compilation of unrelated objections. As part of his first objection, Bauerly argues:

- Judge Strand wrongly found that Bauerly had not met the durational requirement for a "closed period" disability claim because his ankle injury had not lasted, and was not expected to last, for at least 12 months. 42 U.S.C. § 423(d)(1)(A). Judge Strand found that, at earliest, Bauerly's ankle became a problem in February of 2011, and it was successfully treated with surgery in January of 2012.
- Judge Strand wrongly "believe[d]" that Bauerly did not have ankle problems between January of 2011 and September of 2011.
- Judge Strand failed to consider that Bauerly went periods of time without treatment simply because Bauerly couldn't afford it.

These arguments are unavailing. As for the 12-month durational requirement, I agree with Judge Strand's analysis:

> Even if I gave Bauerly the benefit of the doubt and found that his ankle injury prevented him from engaging in substantial gainful activity as of February 2011, he still would not meet the 12-month durational requirement for disability because he had successful surgery on his ankle in January 2012. AR 574-75. There is no medical evidence that Bauerly's ankle problem was severe enough to affect his ability to work prior to February 2011.

(Docket no. 12, at 11). Additionally, the record evidence from Bauerly's surgeon, Dr. Pisitkul, notes that Bauerly's January 2012 ankle surgery was successful (subject to the work limitations imposed by the ALJ). AR 16, 582, 584. Because Bauerly's ankle impairment can be, and was, controlled via treatment, it cannot be considered disabling. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Moreover, contrary

to Bauerly's suggestion, Judge Strand *did* consider Bauerly's ankle problems between January and September of 2011. In particular, Judge Strand considered and discussed medical records related to Bauerly's ankle from February and August of 2011 (docket no. 12, at 11). As for the argument that Bauerly couldn't afford treatment in 2011, Bauerly cites to no portion of the record supporting this argument[1] and, in any event, Bauerly waived the argument by not raising it before Judge Strand. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (noting that a party is "required to present all of his arguments to the magistrate judge, lest they be waived").

As part of his first objection, Bauerly also ostensibly challenges the weight the ALJ gave to Dr. Pisitkul's opinion. But Bauerly simply argues that "[i]t makes no sense to apply the surgeon's opinions after surgery in 2012 to the claimant's functioning in January 2011" (docket no. 13-1, at 5). Bauerly does not elaborate on *why* the ALJ's decision "makes no sense," *why* the ALJ's determination is not supported by substantial evidence, *what* other evidence the ALJ should have given more weight to, or *why* giving more weight to other evidence would have changed the ALJ's decision. Without any analysis by Bauerly, I can only conclude that Judge Strand correctly evaluated the evidence in his thorough R&R.

For his second objection, Bauerly simply states: "in light of the ALJ's view of the objective evidence, the ALJ's view of Mr. Bauerly's subjective allegations is

---

[1] Bauerly cites to a few medical records noting that Bauerly could not afford some of his medications unrelated to his ankle, and one record—from *after* Bauerly's ankle surgery—noting that Bauerly could not afford to continue traveling to Iowa City for treatment, but suggesting that Bauerly could travel to Sioux City for care. None of these records explain why Bauerly failed to seek any care related to his ankle for an extended period during 2011, let alone relate that failure to Bauerly's finances.

3

tainted" (docket no. 13-1, at 5). This is a conclusory statement unsupported by record citation, explanation, or argument. I therefore treat it as no objection at all. *Carter v. Colvin*, No. C 12-4085-MWB, 2013 WL 5970258, at *2-3 (N.D. Iowa Nov. 8, 2013). Even if I did consider it as an objection, I reject the premise that the ALJ incorrectly weighed the objective evidence, as discussed above. Thus, I would necessarily reject the conclusion that this objection requires remand.

For his third objection, Bauerly makes two arguments. First, Bauerly argues that the VE failed to explain the "conflict with the dexterity requirements" of the jobs that the VE testified Bauerly could perform. Bauerly's objections are unclear about what the "conflict" means, but Bauerly seems to argue that the VE did not explain how Bauerly could work as effectively with one hand as other people work with both. But, as Judge Strand pointed out, given the lower level of dexterity required in all but one of the VE's proffered jobs, Bauerly would be able to perform those jobs with his RFC:

> Bauerly points out that the DOT descriptions for the jobs identified by the VE all require a similar level of manual and finger dexterity, which is Level 3 (medium degree of aptitude ability) or Level 4 (low degree of aptitude ability). Doc. No. 9-1 at 3, 8, 12 and 16. However, Bauerly fails to point out the frequency of handling and fingering required in these jobs, which is also noted in the DOT descriptions. For credit clerk, handling and fingering is described as frequent, existing from one-third to two-thirds of the time. Doc. No. 9-1 at 4. For government clerk, handling and fingering is described as occasionally, existing up to one-third of the time. Doc. No. 9-1 at 8. For surveillance system monitor, fingering and handling is not present and does exist in that job. Doc. No. 9-1 at 16. While Bauerly is correct that the DOT does not specify whether handling and fingering in these jobs requires use of both hands or can be done with one, I find this to be immaterial. Even if these three jobs did require use of both hands for handling and fingering, only one of the jobs (credit clerk) would be eliminated by

4

> Bauerly's limitation of occasional handling and fingering with his right hand as described in the RFC. He could still perform the work of government clerk, which requires occasional handling and fingering, and surveillance system monitor, which requires no handling and fingering.

(Docket no. 12, at 17-18) (footnote omitted). In short, the ALJ found that Bauerly could perform the VE's proffered jobs with his RFC. Bauerly cites no authority suggesting that he should be considered disabled based solely on his claim that other people might perform those jobs faster.

Second, Bauerly argues that SSR 96-9p supports his claim for disability. Bauerly relies on the portion of SSR 96-9p that provides:

> **Manipulative limitations:** Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.
>
> Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base. . . . When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource.

SSR 96-9p, 1996 WL 374185 (July 2, 1996). Bauerly argues that this passage should be read in tandem with another passage from SSR 96-9p, which provides:

> Moreover, since each occupation administratively noticed by Table No. 1 represents numerous jobs, the ability to do even a *limited* range of sedentary work does not in itself establish disability in all individuals, although a finding of "disabled" usually applies when the full range of sedentary work is significantly eroded (see *Using the Rules in Table No. 1 as a Framework: "Erosion" of the Occupational Base* below). In deciding whether an individual who is limited to a partial

5

> range of sedentary work is able to make an adjustment to work other than any PRW, the adjudicator is required to make an individualized determination, considering age, education, and work experience, including any skills the individual may have that are transferable to other work, or education that provides for direct entry into skilled work, under the rules and guidelines in the regulations.

*Id*. Putting these two passages together, Bauerly argues that his manipulative limitation significantly erodes his occupational base, which in turn "usually" requires a finding of "disabled."

But the ALJ concluded that Bauerly could occasionally perform fingering and handling with his right hand, and has no limitations in his left hand. AR 16. Based on these findings, it is far from clear that Bauerly has "*significant* manipulative limitation[s]" to his ability to work "with both hands," as provided in SSR 96-9p. Under these circumstances, where the claimant's limitation is "less significant," SSR 96-9p does not come close to suggesting that Bauerly should necessarily be found "disabled." Rather, SSR 96-9p suggests that "it may be useful to consult a vocational resource." That is exactly what the ALJ did by considering the VE's testimony. Based on the VE's testimony, the ALJ found that, even with his limitations, Bauerly could perform multiple jobs in the national economy. This is consistent with SSR 96-9p, which notes that "the ability to do even a *limited* range of sedentary work *does not in itself establish disability in all individuals*"; rather, the ALJ must make an "individualized determination" about the claimant's ability to work. That is what the ALJ did here. In light of the ALJ's findings that Bauerly can perform work in the national economy, Bauerly's reliance on general statements in SSR 96-9p fails.

**THEREFORE,**

For the reasons discussed above, I adopt the recommendations in the R&R. The Commissioner's decision is affirmed. The Clerk shall enter judgment in favor of the Commissioner and against Bauerly.

**IT IS SO ORDERED**.

**DATED** this 25th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA